I'm Randall Unger. I represent Darren Brooks, the appellant in this case. I submit to this Court that the District Court's denial of the defendant's motion to reduce his sentence should be vacated, first, because it was made in reliance on an erroneous amended offense level. In addition, it ignored the Supreme Court's holding in Freeman, stating that such an offense would not have been imposed but for a since-rejected excessive range. Does Mr. Brooks fit that category of persons who were lingering in prison? He's serving a sentence of 25 years for a nonviolent narcotics offense. Admittedly, he has a very serious criminal record. The judge was impressed with his long history. He certainly does. He's done time in federal prison. He's done time in state prison. He's not behaved well. There's no question about that. But the reality is that he is now a 50-year-old man who I think his earliest release date, given the sentence he's currently serving, is 2031. If I understand correctly, the record rather strongly suggests, it doesn't actually determine this, but it rather strongly suggests that the judge, like the counsel before him and the probation department, believed that the guidelines, that the new guidelines that he faced were actually much higher than what they really were. Isn't that correct? That is correct. So the judge denied this motion in the apparent belief that the guideline reduction was much less of a reduction than it actually was, so that in the end the judge reaffirmed a sentence that is, what is it, 90 months above the highest range of the now applicable guideline. That's correct. In circumstances where the initial sentence imposed was right in the middle of the guidelines that were in fact applicable then, and the judge, it seems highly unlikely that the judge would have imposed a 300-month sentence initially if the maximum guideline had been 210 months at that time. And that's exactly the point. Under the original guideline that then applied at the original sentencing, he was facing between 262 and 327 months. 300 months is pretty much in the middle. It's a little on the high side, actually, but taking that into account, even a little above the middle of that range. I mean, now you have a person. to a maximum of 210, and the PSR, as well as counsel on both sides, presented the case to the judge as if the new guidelines went up to 268. Is it something like that? They were under the impression it was between 210 and 262. 262. I'm sorry? That was wrong. Yes, as was I. And I thank the government for pointing out the error that was carried along as a result of the probation department miscalculation, trial counsel, government counsel, and apparently the district court. We all were relying on an incorrect offense level. We know what it is now, and it's hard to believe that the district judge would still adhere to a 300-month prison sentence, which, as Your Honor has pointed out, is 90 months above the top of the guideline range that currently applies to the offense he was convicted of. I mean, we're talking about, I mean. I mean, at least as important is the very likely, the great likelihood that the judge made his decision believing that the guideline range now applicable was significantly higher than it in fact is. That's correct. And I don't think there's any way to label this as a harmless error, given that huge disparity between what the district court believed the amended sentencing range was and what it actually was. We have to say that there's no reasonable probability that the defendant suffered prejudice due to the application of an erroneous amended guidelines range, and I don't think the record supports such a conclusion. But your argument is that when Mr. Brooks asked for resentencing, he was entitled to the judge recalculating the entire sentence procedure, isn't it? Well, he was entitled to an accurate recalculation, first of all, and he certainly was eligible for the relief he was seeking. I don't think the government has ever contested the fact that he squarely falls within the category of persons who would be entitled to make or go forward with the sentence reduction motion. It's up to the district court in the district court's discretion whether to grant the motion, of course. But in exercising that discretion, it's crucial that the district court have accurate information before it. And unfortunately, the probation department provided an erroneous offense level as amended in the guidelines, and that's what the district court unfortunately relied upon. So there's no way to tell from the judge's order that he would do exactly the same thing and impose the same 300-month prison sentence had he been aware of the accurate amended offense level. So for those reasons, as well as the reasons I had previously stated, what appears to me to be quite exemplary conduct by the defendant while incarcerated, it seems particularly from the letter that was provided by a retired Army colonel, that he had extraordinary praise for the defendant, the letter suggests that the defendant's ready for release right now, even though, even with a generous sentence reduction at this point, he'll still serve many more years in prison before he's considered for release from custody. So given that, the extraordinary rehabilitation of the defendant, which I think was unfortunately ignored by the district court in making the decision to adhere to the original sentence, we submit that the district court abused its discretion and that a remand of the case is appropriate for reconsideration. We don't have to reach that point to remand it. I mean, the likelihood that the district court believed that the guidelines were between 210 and 262 instead of with a maximum of 210 is a sufficient reason for remand for reconsideration. Absolutely. I mean, we wouldn't have a basis to tell the district judge that he must reduce to some level that we would dictate. No, no, I don't mean to suggest that, and it's still, I don't want to predict this, I don't want to be pessimistic about it, but it's still within the district judge's discretion to adhere to the draconian 300-month prison sentence that was originally imposed, even with the substantial reduction of the offense level and guidelines range that now applies. But you don't need us to tell the district judge that it's within his discretion to reconsider that, right? Well, no, I don't think it, I think the district judge... Yes. Okay. Thank you, Judge. Thank you, counsel. We'll hear from the government. Good afternoon. Frank Pimentel for the United States. May it please the court. First of all, on the procedural error issue, I don't think there's much dispute. The government concedes that there appears to have been procedural error here for the reasons that have already been discussed, vis-à-vis the calculation and the resulting range, appropriately calculated at 168 to 210 versus inappropriately calculated at 210 to 262. Are you prepared to join defense counsel in urging a remand? Well, Your Honor, we actually filed a motion prior to our merits brief asking for that, asking for this case to be remanded based on that reason. It was denied. By the judge? No, it was denied by this court. So because of that... Rebound by that? And so, in fact, the order said that we would proceed in the normal course. So I... We're not taking that same position. Well, I take the position, Your Honor, that there was procedural error. It is possible that I read too much into that order, but what I concluded from that order was that this court was open to the possibility that while there may have been procedural error, it may nevertheless have been harmless. Well, I mean, I think a motion panel of this court facing a motion like yours might well say, look, everything needs to be explored, things need to be explored. The mere fact that there is this procedural error doesn't necessarily mean... So we're going to leave it to the panel that hears the case to decide what to do. Yes. We're not going to interrupt the process because a perfectly good argument could be made that notwithstanding the procedural error, the sentence should be maintained. Well, and that's what I took. That's then in my merits brief. That's the argument that I set forth, that despite the procedural error, there is a credible argument that the procedural error, if there was procedural error, we're all assuming that there was. And I think it's very likely that there was, even though the order itself is silent on the guideline that was considered. Is it pertinent? Is it the correct way to approach this, or at least a correct way to approach it, for the judge on a motion of this sort, on a motion to reduce based on a reduction of the, an applicable reduction of the guidelines, for the judge to ask himself or herself, what sentence would I have given in the first instance if the guideline had been up to a maximum of 210 as opposed to up to 330 as it was? Yes. And then if my answer is that I would originally have sentenced within the now applicable guidelines, that presents a rather strong argument, unless based on subsequent events, against maintaining it at the much higher level. Yes, Judge. In fact, in fact, United States v. Quinn in the Sixth Circuit says that the Gaul requirement to correctly calculate the guideline range applies at sentence modification proceedings. So there's no dispute from the governor's perspective that a proper guidelines calculation is required at the sentence. But that only affects the question that relates to a different matter. That simply relates to whether we should remand for reconsideration. But the question I'm asking is whether it would be appropriate, perhaps, for us to direct the district court to consider the question, what sentence would he have imposed in the first instance if the guidelines then had been what they have now been changed to? Well, Your Honor, the answer to that, at least in part, I think lies to my argument as to why the error here may nevertheless have been harmless. Because the district court did say any number of things suggesting he may well still come out at 300 months. I understand that. And if I may, I will recite those. First of all, the direct appeal was taken to this Court from the 300-month sentence. And this Court, in a published decision, affirmed it. It said 300 months was a reasonable, a substantively reasonable sentence for Mr. Brooks. So we have that to rely on. Second of all, at the stage where the district court denied the sentence reduction motion, he wrote in the order, reduction below the 300-month current term of imprisonment is not warranted, period, period. We didn't recalculate when it was brought to him that the guidelines had changed, not to mention that they were an error. Well, we have said that you have to recalculate when you are asked under 3582c2. You have to recalculate. Your Honor, I think that Mr. Brooks disputes this, that he did recalculate. He used the wrong calculation. He recalculated at 210 to 262, because all the parties at that point agreed that that was the amended range, albeit wrongly. So I think, I do think he recalculated. Would it be appropriate, my question is, would it be appropriate for the district judge to go through this reasoning and say, well, if the guidelines at the time of original sentence had been, gone up to a maximum of 210, I at that time would have sentenced this defendant not to 300, but to 210. Nonetheless, not because of anything that anything the defendant has done subsequently, not because of bad conduct subsequent to it, I now, in revision, think that 300 is the better. I would have sentenced him to 210, but I now think 300 is a better sentence, and I'm going to leave it at 300. Well, Your Honor, I think, again, I think that outcome is quite likely, and there's one other reason, again, in the record, based on what the district court said at sentencing. He said, at sentencing, his attorney argued for a range of 210 to 262, which was not the correct range, ultimately. But his attorney said, Judge, you should sentence him within 210 to 262. The district court said, he told Brooks, and he says, I'm telling this to your face, that he, you don't deserve a sentence between 210 and 262 months. That means, but that's suggesting that facing the question that I proposed to the district judge, the district judge would say, I would still have sentenced the defendant to 300, even if the guideline at the time had had a maximum of 210. Correct. And that's why . . . That's not the hypothetical I put to you. The hypothetical I put to you is, if the judge said, had the guideline had a maximum of 210, I would not have sentenced him above that. But I now think that 300 is a better sentence on reconsideration of it. Our cases say you have to recalculate at that point that Judge LaValle is referring to. Once he recalculates, he can still say 300 months is the right sentence. Correct. But he didn't do the recalculation. I think, I agree, he didn't do the recalculation. It appears he did not do the recalculation correctly. We have said it's a two-step process. Correct. And he didn't do step one. I think that's right, Your Honor. I do think that's right, and that's why we made the motion to remand. Okay. Okay. We'll hear from Mr. Unger unless you don't have anything to add. A little bit. I'm sorry. I think Your Honor has asked or made an interesting point as far as what the what he would have done under the current guideline range applicable. I think that's a good idea. But in addition, I think the fact that there seems to have been a substantial degree of rehabilitation on the part of Mr. Brooks